SAMUEL H. TEWKSBURY *versus* DENNIS HAYES.

An action cannot be maintained by the plaintiff on an agreement made by the defendant with a third party to pay such third party.

*It seems*, that such action cannot be maintained, though the consideration for the agreement moved from the plaintiff.

ON REPORT from *Nisi Prius*, HOWARD, J., presiding.

This was an action of assumpsit upon the following memorandum in writing : —

"In consideration that Samuel H. Tewksbury has this day re-conveyed to me his interest in the Woolen Brick Mill, situated in Oxford, I hereby agree to become responsible to Cornelia E. Blake, wife of Francis Blake of Harrison, for the amount of interest she has in said mill, and to pay over her part, to wit, the amount proportionally due her, when our joint interest in said mill shall be sold.

"Nov. 8, 1849."                      "Dennis Hayes."

The above writing was given by defendant for property of Mrs. Blake, conveyed by the plaintiff, then her guardian, to the defendant. Prior to this the plaintiff had given her a writing, dated Jan. 18th, 1848, in the following words : —

"I hold in my hands a claim against the Brick Factory, (in Oxford,) belonging to Cornelia E. Blake, to the amount of $268,11, and interest on the same, from April 15, 1847, which I agree to pay to her and the interest on the same.

(Signed)                      "Sam'l H. Tewksbury."

Upon this memorandum a suit had been commenced by Mrs. Blake against this plaintiff some months prior to the date of the writ in this case, but judgment was not recovered in that suit until subsequent to the commencement of this action.

The other facts sufficiently appear in the opinion of the Court.

*Shepley & Dana*, for plaintiff, argued : —

1. That the property, the proceeds of the sale of which formed the basis of the agreement in suit, stood in plaintiff's name. The plaintiff had, by the transaction of January 18,

paid her for it. The consideration of the agreement was, therefore, paid by plaintiff. There is nothing on the other hand to support the promise of defendant to be responsible to Mrs. Blake.

2. There would be a manifest impropriety in Mrs. Blake receiving the money twice, once of the plaintiff, and again of defendant. There can be no pretence, that in her collecting the sum of plaintiff on his agreement, defendant would still be liable to her; nor that he would have been discharged from his liability to plaintiff.

3. Mrs. Blake had no knowledge of the transaction of Nov. 8; nor did she agree to accept defendant and discharge plaintiff.

4. Plaintiff's liability to Mrs. Blake was absolute on his giving the paper of Jan. 18; and defendant's liability to plaintiff was fixed on sale of the premises, Jan. 31.

*J. J. Perry,* for defendant, argued —

1. That by the terms of the memorandum the plaintiff became liable to Mrs. Blake, and that the evidence in the case, in fact showed, that the consideration was paid by her, and not by plaintiff.

2. Both the memoranda introduced by the plaintiff, must be construed to have their legal effect, and neither can by the plaintiff be qualified or contradicted by other proof.

3. The plaintiff in making the contract of Nov. 8, acted merely as the agent of Mrs. Blake.

4. The plaintiff, by the negotiations of Nov. 8, undertook to make the defendant liable to Mrs. Blake, and at the same time to relieve himself from his own liability to her under the agreement of Jan. 18.

5. If Mrs. Blake subsequently undertook to hold the plaintiff under the contract of Jan. 18th, the legal character of the memorandum of Nov. 8th was not thereby changed. No collusion between plaintiff and Mrs. Blake, in the former suffering the judgment to go against him on the contract of Jan. 18, could fasten upon defendant a liability which did not

before exist by the express terms of the contract between him and Mrs. Blake.

6. If the plaintiff can maintain an action against the defendant it must be in the nature of an *indemnity* for money paid. At the time of the commencement of this suit, no such cause of action had accrued. *Ingalls* v. *Dennett*, 6 Maine, 79 ; *Clark* v. *Foxcroft*, 7 Maine, 348.

7. If the Court shall be of opinion, that this action can be maintained, there is no evidence in the case to show what is " the amount proportionally due her, when our joint interest in said mill shall be sold." The Court has, therefore, no means of making up judgment.

TENNEY, C. J.—The property of Cornelia E. Blake was invested by her guardian, the plaintiff, in a woolen factory, prior to January 18, 1848. On that day, he admits in his written contract with her, that he held a claim against the brick factory in Oxford, belonging to her, to the amount of $268,11, and interest from April 15, 1847, which amount and interest thereon, he promised therein to pay to her.

On Nov. 8, 1849, by a written agreement made by the defendant, in consideration of a conveyance of an interest of the plaintiff in the woolen brick factory in Oxford, he made himself responsible to Cornelia E. Blake for the amount of interest, which she then had in said mill, and agreed to pay over her part, to wit, the amount proportionally due her, when their joint interest in the mill should be sold.

The case exhibits no connection whatever between the contract of the plaintiff with Cornelia E. Blake and that of the defendant entered into on Nov. 8, 1849 ; and it does not appear, that the defendant had any knowledge of the previous one.

That the plaintiff was made absolutely responsible to Cornelia E. Blake for the sum named in his contract with her of Jan. 18, 1848, there can be no doubt. In the contract with the plaintiff, Mrs. Blake is treated as the owner of an interest in the mill, and the promise, upon a fair construction of

the language employed, was to pay her the avails of that interest, upon a sale of the joint interest belonging to her and the defendant.

The plaintiff may have taken the contract of the defendant, for the purpose of substituting it for his own, made to his ward. But whatever was his design, both contracts remained as they were, when given; and the plaintiff has paid a judgment recovered against him on his contract, after the commencement of this suit.

This action is upon the memorandum of the defendant of Nov. 8, 1849, to recover the portion of the avails of the sale of the mill made by him and others, on Jan. 31, 1850, belonging to Cornelia E. Blake, and we are to suppose from the report of the case, that the writ contains no other count. The contract in suit contains no promise to the plaintiff, and he cannot maintain an action thereon.     *Plaintiff nonsuit.*

RICE, HATHAWAY, CUTTING and GOODENOW, J. J., concurred.